1
2
3
4
5
6
7
8
9
10

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TREMAIN BARKER,

          Plaintiff,

    v.

ERIC ARNOLD,

          Defendant.

Case No.  15-cv-04478-JSC

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his sentence.[1]  He has paid the filing fee. Because the petition states a cognizable claim for relief, a response from Respondent is warranted.

## BACKGROUND

Petitioner was convicted of attempted first-degree murder and other related offenses in 1997 in San Mateo County Superior Court.  Based on his conviction, the trial court sentenced him to a term of 27 years to life in state prison.  Beginning in January of 2015, he filed habeas petitions

---

[1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. No. 4.)

in the San Mateo County Superior Court, the California Court of Appeal, and the California Supreme Court. All of his petitions were denied, and the instant federal petition followed.

**DISCUSSION**

I.      Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II.     Legal Claims

Petitioner claims that his sentence of life in prison for attempted first-degree murder violates his right to due process. He was sentenced under California Penal Code Section 664(a), which provides a sentence of life in prison with the possibility of parole for attempted "willful, deliberate, and premeditated murder, as defined in Section 189." Petitioner notes that California Penal Code Section 189 defines the different degrees of murder, but does not mention attempted murder. As a result, Petitioner argues, he effectively received a sentence for first-degree murder without a jury finding him guilty of first-degree murder, which is a violation of his right to due process. When liberally construed, this claim states cognizable grounds for federal habeas relief.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a Magistrate Judge jurisdiction consent form, a copy of this Order, and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner.

2.  Respondent shall complete and file the Magistrate Judge jurisdiction consent form in accordance with the deadline provided on the form.

3. Respondent shall also file with the Court and serve on Petitioner, within **ninety-one (91) days** of the date this Order is issued, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse (a reply) with the Court and serving it on Respondent within **twenty-eight (28) days** of the date the answer is filed.

4.  Respondent may, within **ninety-one (91) days** of the date this Order is issued, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

5.  It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 21, 2015

1

2

3          JACQUELINE SCOTT CORLEY
           United States Magistrate Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California