1

2

3

4                  UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7    TREMAIN BARKER,                       Case No.  15-cv-04478-JSC

              Plaintiff,
8
                                           **ORDER GRANTING MOTION TO**
9         v.                               **DISMISS**

10   ERIC ARNOLD,                          Re: Dkt. No. 7

              Defendant.
11

12

13                          **INTRODUCTION**

14       Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ

15   of habeas corpus under 28 U.S.C. § 2254 challenging his sentence.[1]  Respondent filed a motion to

16   dismiss on the grounds that the petition is a second or successive federal habeas petition, and as

17   such Petitioner must obtain prior authorization from the United States Court of Appeals to file it in

18   this Court.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner has filed an opposition to the motion to

19   dismiss, and Respondent has filed a reply brief.  For the reasons set forth below, the motion is

20   granted and the petition is dismissed without prejudice.

21

22                          **BACKGROUND**

23       In 1997, Petitioner was convicted of attempted first-degree murder and other related

24   offenses in San Mateo County Superior Court.  Based on his conviction, the trial court sentenced

25   him to a term of 27 years to life in state prison.  In 1999, the California Court of Appeal affirmed

26

27   _____

28   [1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28
     U.S.C. § 636(c).  (ECF Nos. 4, 6.)

*United States District Court*
*Northern District of California*

the judgment, and the California Supreme Court denied a petition for review.  In 2000, Petitioner

filed a habeas petition under 28 U.S.C. § 2254 in federal court, *Barker v. Castro*, No. C 00-3931

VRW (PR).  He was appointed counsel, and on July 30, 2004, the petition was denied on its

merits.  Shortly thereafter, his requests for a certificate of appealabilty were denied by both the

district court and the United States Court of Appeals.  In 2015, Petitioner filed habeas petitions in

the San Mateo County Superior Court, the California Court of Appeal, and the California Supreme

Court.  Those petitions were denied.  Petitioner filed the instant petition in September 2015.

### DISCUSSION

Respondent argues that the instant petition is a second or successive federal habeas petition

insofar as it challenges the same 1997 state court judgment that Petitioner challenged in his prior

federal petition.  A second or successive petition challenging the same state court judgment under

Section 2254 may not be filed in federal district court unless the petitioner first obtains from the

United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the

petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Petitioner has not sought or obtained such an order from

the Court of Appeals.

Petitioner argues that because he challenges his sentence and not his guilt in the instant

petition, it is not a "second or successive petition" subject to the restrictions of Section 2244(b).

Section 2244(b) states that it applies to claims brought in a "second or successive habeas corpus

application under section 2254."  The statute does not qualify the term "second or successive," *see*

28 U.S.C. § 224(b)(1)-(3), and the Ninth Circuit has recently explained that it is a term of art

because it does not apply to all federal habeas petitions that are filed following an earlier federal

petition.  *Goodrum v. Busby*, -- F.3d --, 2016 WL 3201489 * 4 (9th Cir. June 9, 2016) (finding that

if prior federal petition is still pending when second federal habeas petition is filed, latter petition

to be considered an amended petition, not a "second or successive" petition under Section

2244(b)).  In *Goodrum*, the court held that as a general principle, a second-in-time federal habeas petition is "a second or successive" petition if the "earlier-filed petition has been finally adjudicated."  *Id.* (citing *Woods v. Carey*, 525 F.3d 886, 889 (9th Cir. 2008); 2 Hertz & Liebman § 28.3[b], at 1674–75).  Petitioner's prior federal petition, as noted, was adjudicated in 2004, when it was denied on its merits.  As a result, under the general rule announced in *Goodrum*, the instant petition is a "second or successive" habeas petition subject to the restrictions in Section 2244(b).

Petitioner does not cite any authority, nor is the Court aware of any, that a federal petition is not "second or successive" simply because it challenges a sentence.  Petitioner cites *Greenwalt v. Steward*, 105 F.3d 1268 (9th Cir. 1997) (per curiam), but that decision does not support his argument.  In fact, in *Greenwalt*, the court recognized that Section 2244(b) "forecloses all successive petition review of constitutional claims unrelated to guilt or innocence," including the claims challenging the effective assistance of counsel at sentencing.  *Id.* at 1277.  Petitioner also cites to the lower court decision in *Goodrum v. Busby*, 2012 WL 2190896 (S.D. Cal. 2012), which was reversed on appeal, *Goodrum*, -- F.3d at --, 2016 WL 3201489.  Besides being reversed, the district court decision does not support Petitioner's argument in any event because it merely held that sentencing claims do not qualify for one of the exceptions to the restrictions on second or successive petitions in Section 2244(b).  2012 WL 2190896 at *10.

Petitioner's current petition challenging the same state court judgment as his prior federal petition is precisely the practice --- a second challenge to a state court judgment after the first challenge was adjudicated --- to which the prior approval procedure of Section 2244(b)(3) applies.  As a result, the instant petition must be dismissed without prejudice.  This dismissal does not foreclose Petitioner from ever obtaining federal habeas relief on the claims in the instant petition.  Rather, he is required to obtain permission from the United States Court of Appeals to file a second or successive petition in the district court.  Once and if he obtains such permission, he may file his claims in a new habeas petition in federal district court and the claims will be considered.

**CONCLUSION**

For the foregoing reasons, Respondent's motion to dismiss (dkt. 7) is GRANTED and the petition is DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied.  Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 15, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge